IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROSE MARY HOUSTON, § | |
| (BOP No. 07807-046) § | |
| VS. § | CIVIL ACTION NO.4:09-CV-304-Y |
| § | |
| § | |
| FEDERAL MEDICAL § | |
| CENTER CARSWELL, et al. § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B)
and UNDER 28 U.S.C. §§ 1915(e)(2)(B),
EXCEPT AS TO ANY CLAIMS UNDER THE FEDERAL TORT CLAIMS ACT

This case is before the Court for review of pro-se plaintiff and inmate Rose Mary Houston's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The live pleadings in this case are Houston's June 1, 2009, complaint, and her November 19, 2009, more definite statement ("MDS") filed in response to this Court's order. She has named as defendants in this action Federal Medical Center--Carswell, along with the following four individuals associated with FMC--Carswell: Dr. Parra; Physician's Assistant (PA) Wilson; PA Queshi; and Counselor Linda Coleman. (Compl. Style; § IV(B); MDS at 1-4.) Plaintiff complains of the inadequacy of the medical care provided to her, and the actions of the individual defendants in responding to her medically related issues. (Compl. § IV(B); § V; MDS at 1-4.) She seeks compensatory monetary damages and seeks a "passion release."[1] (Compl.§ VI; MDS at 5.)

---

[1] The reference to a "passion release" is likely to the Bureau of Prisons's "compassionate release" program. But any release from confinement, or challenge to the length of confinement, must be sought through a petition for writ of habeas corpus.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint and more definite statement under these standards, the Court concludes that most of Plaintiff's claims must be dismissed.

As inmate plaintiff Houston has asserted claims for violation of her constitutional rights against individual government

---

[2]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

defendants, the Court has construed her claims as seeking relief under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*.[7] In order to assert a claim for damages for violation of federal constitutional rights under *Bivens*, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[8] Plaintiff has failed to satisfy the first element.

Houston recites that she was deprived of her rights under the Fifth, Sixth, Eighth and Ninth Amendments to the Constitution for events arising out of her incarceration at FMC--Carswell. (MDS at 1.) But as the Sixth Amendment relates to rights during prosecution, and as the Ninth Amendment recites that the enumeration of certain rights in the Constitution shall not be construed to deny other rights, Houston has alleged no facts that relate to recovery under these amendments. Any claims under these amendments must be dismissed.

The factual allegations that appear to relate to Houston's

---

[7] 403 U.S. 388, 297 (1971). *Bivens*, of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), *cert den'd,* 543 U.S. (2004).

[8] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(elements of § 1983 action); *Evans,* 168 F.3d at 863 n. 10.

recitation of a claim under the Fifth Amendment are those against Counselor Linda Coleman. Houston alleges that Coleman denied her the forms to file a grievance because she accused Houston of knowing that another inmate was planning to attack Coleman. (Compl. § IV(B); MDS at 2, ¶ 6.) She also contends that Coleman made "rude" statements about her brother, is very "racist," and told Houston to "get out of her damn office," when Houston inquired about grievance forms. (Compl. § IV(B); MDS at 2, ¶6; 4, ¶11.) To the extent these claims are for a violation of Plaintiff's right to due process of law, she has not stated a violation. As the Court of Appeals for the Fifth Circuit found in *Geiger v. Jowers:* "[An inmate] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due-process violation arising from the alleged failure to investigate his grievances is indisputably meritless."[9] Thus, any due-process claim against defendant Coleman must be dismissed.

Furthermore, with regard to Houston's claims against defendant Coleman for her rude and "racist" language, as a general rule, allegations of use of "mere threatening language and gestures by a custodial officer do not, even if true, amount to constitutional

---

[9]*Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir.2005); *see also Jenkins v. Henslee*, No. 3-01-CV-1996-R, 2002 WL 432948, at *2 (N.D.Tex. March 15, 2002)("An inmate does not have a constitutional entitlement to a grievance procedure. Hence any alleged violation of the grievance procedure does not amount to a constitutional violation."), *citing Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994), *cert. den'd,* 514 U.S. 1022 (1995) and *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir.1996).

4

violations."[10] Thus, Houston's additional claim based upon Coleman's insensitive language must be dismissed.

Otherwise, Plaintiff complains of the actions of Dr. Parra, PA Wilson and PA Queshi in their responses to different medical conditions she allegedly sustained. The Court reviews these claims as violations of Houston's right to be free from cruel and unusual punishment under the Eighth Amendment.  Deliberate indifference to a prisoner's serious medical needs has been deemed to amount to cruel and unusual punishment under the Eighth Amendment.[11] Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants."[12] This subjective deliberate-indifference standard is now equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[13]

Consistent with this standard is the recognition that negligent or

---

[10] *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir.), *cert, denied,* 464 U.S. 998 (1983)(citing *Boyle v. Hughes,* 436 F.Supp. 591, 593 (W.D.Okl. 1977)); *see also Bender v. Brumley,* 1 F.3d 271, 274 n.4 (5th Cir. 1993); *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1990)(verbal threats and name calling not actionable under § 1983); *Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir. 1987)(verbal harassment not sufficient to state constitutional deprivation).

[11] *Estelle v. Gamble,* 429 U.S. 97, 104-106 (1976).

[12] *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

[13] *Farmer,* 511 U.S. at 837; *see also Hare v. City of Corinth,* 74 F.3d 633, 648 (5th Cir. 1996)(*en banc*), *opinion after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

5

mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil-rights action.[14]

Houston's allegations do not give rise to a claim of deliberate indifference to her serious medical needs against Parra, Wilson, and Queshi. Houston allegations amount to nothing more than disagreement between her and defendants on what medical care is appropriate for her. But, disagreement between an inmate and her physicians as to what medical care is appropriate does not state a claim for Eighth Amendment indifference to medical needs.[15] Any deficiency in the determination of the treatment of Plaintiff by Parra, Wilson, and Queshi does not approach the deliberate-indifference standard.[16] As a result, Houston's claims against individual defendants Dr. Parra, PA Wilson, and PA Queshi must be dismissed.

As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a

---

[14]*See Estelle,* 429 U.S. at 106 ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *see also Varnardo v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)(unsuccessful medical treatment, neglect, and medical malpractice do not give rise to a § 1983 cause of action)(citations omitted).

[15]*See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997)(affirming the dismissal of suit as frivolous where prisoner claimed medical personnel should have tried different methods of diagnosis and treatment); *see also Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995), *citing Varnado,* 920 F.2d at 321; *see also Street V. Corrections Corp. of America,* 102 F.3d 810, 816 n.13 (6th Cir. 1996)(patient's disagreement with his physicians over the proper medical treatment alleges nothing more than a medical malpractice claim, and is not cognizable as a constitutional claim.)

[16]*See generally Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir.)(doctor's failure to discover inmate's ulcer, failure to read nurses's notes regarding inmate's incontinence problems, or to ensure that orders were carried out, might constitute negligence, but not deliberate indifference), *cert. den'd,* 528 U.S. 906 (1999).

6

prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[17] Although long recognized as applying to claims under the Eighth Amendment,[18] the United States Court of Appeals for the Fifth Circuit has held that § 1997e(e) applies to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls:  Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."[19] More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions*," and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered."[20] Applying these holdings to the instant case, no matter the substantive constitutional violations asserted by Houston, a failure to allege physical injury bars her claims for

---

[17] 42 U.S.C.A. § 1997e(e)(West 2003).

[18] *See Herman v. Holiday,* 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower,* 112 F.3d 191, 193-94 (5th Cir. 1997).

[19] *Geiger,* 404 F.3d at 375(citations omitted).

[20] *Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007)(emphasis in original).

compensatory damages.[21]

Houston alleges that she suffered physical injury in that she sustained "stomach cramping and vomiting so much that [she] pulled a muscle in her ribs." (MDS at 3, ¶ 8; at 5, ¶ 13.) A plaintiff must recite that he suffered more than a *de-minimis* physical injury.[22] To the extent that Houston's allegation of pulling a muscle is more that a de-minimis injury, and relates to any claim she may have under the FTCA as addressed below, any claim for compensatory damages from that injury will not be dismissed. As Houston has not otherwise alleged any physical injury related to her other claims in this action, her right to recovery of compensatory damages for mental harm is barred under 42 U.S.C. § 1997e(e) as to any such claims.

Houston has named FMC--Carswell as a defendant in this suit. Although Houston has not alleged a claim under the Federal Tort Claims Act (FTCA) in her complaint or more definite statement, she has included as an attachment to the more definite statement a February 20, 2009, letter to her from the Bureau of Prisons denying a claim for administrative settlement of an FTCA claim (Administrative Tort Claim No. TRT-SCR-2009-00219). The claims

---

[21] Section 1997e(e) does not preclude claims for nominal or punitive damages (*Hutchins,* 512 F.3d at 198) or for injunctive or declaratory relief (*Harper,* 174 F.3d at 719). Houston seeks only compensatory damages in this suit. (MDS at 5, ¶ 14.)

[22] *See Gomez v. Chandler,* 163 F.3d 921, 924 (5th Cir. 1999)("for purposes of Eighth Amendment excessive-force claims--as well as for purposes of section 1997e(e)--'the injury must be more than de minimis, but need not be significant.'", *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)(noting that [the plaintiff's] alleged injury of a sore, bruised ear lasting for three days--was de minimis).

8

referenced in the letter arose from the June 17, 2008, and June 29, 2008, treatment of Houston at FMC--Carswell for pain in her ribs, and an alleged reaction to an injection of the medication Toradol.(MDS; 2 page-February 20,2009, letter from BOP to Houston.) Houston raises related allegations in her more definite statement in this action.  (MDS at 3, ¶¶ 7-8.)

The FTCA waives the United States's sovereign immunity from tort suits.[23] Because the FTCA provides such a waiver, the limitations and conditions upon which the government consents to be sued must be construed strictly in favor of the United States.[24] In order to sue successfully under the FTCA, "a plaintiff must name the United States as the sole defendant."[25]  As FMC--Carswell is not a proper defendant in a suit under the FTCA, if Houston wishes to maintain a claim against the United States under the FTCA, she must notify the Court by filing an amended complaint within thirty days of the date of this order. That amended complaint must name the United States of America as the sole defendant and must contain only the facts relating to the June 2008 incidents made the basis of administrative tort claim No. TRT-SCR-2009-00219.

Therefore, all of plaintiff Rose Mary Houston's claims, except

---

[23]*McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998)(citing 28 U.S.C. § 2674).

[24]*Atorie Air, Inc., v. Federal Aviation Administration,* 942 F.2d 954, 957 (5th Cir. 1991)(citing *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981)).

[25]*McGuire,* 137 F.3d at 324 (*citing Atorie Air, Inc.,* 942 F.2d at 957).

any claim under the Federal Tort Claims Act relating to medical care at FMC--Carswell in June 2008, are DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

If Houston wishes to maintain a claim under the FTCA against the United States, she must file an amended complaint in accordance with the terms of this order within thirty days. <u>Failure of Plaintiff Houston to timely file an amended complaint in accordance with this order may result in the dismissal of Plaintiff's remaining claims without further notice</u>.[26]

SIGNED February 2, 2010.

*[signature]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[26]*See* FED R. CIV. P. 41(b).